CITY TRUST COMPANY OF NEWARK, APPELLANT. v. JACOB COHEN. RESPONDENT.

Submitted December 6, 1920—Decided February 28, 1921.

1. A lease contained a provision that the lessee would not, without the written consent of the lessor, underlet the premises, and the further provision that the lessee should have the privilege of renewing the lease for a further period of two years. Before the expiration of the original term the lessee exercised his renewal option. The lessor consented in writing to a subletting of the demised premises by the lessee to one C—— "for the balance of your term," and the lessee thereupon sublet them to C—— for the unexpired term and by the same instrument extended to him the renewal privilege. *Held*, that the written consent of the lessor granting to the lessee the privilege of subletting "for the balance of your term" was a consent to the subletting for the extended term, in case the renewal option was exercised.

2. Where the proofs show title out of the plaintiff, or the present right of possession in a third person, the defendant is entitled to judgment in an action of ejectment.

On appeal from the Essex County Circuit Court.

For the appellant, *Ralph E. Lum* and *Egbert J. Tamblyn.*

For the respondent, *Fred G. Stickel, Jr., W. Stanley Naughright* and *J. Hansbury Callaghan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action in ejectment by which the plaintiff seeks to recover the possession of certain premises now in the possession of the defendant, Cohen. The trial resulted in a verdict in favor of the defendant. From the judgment entered thereon the plaintiff appeals.

The undisputed facts in the case disclose the following situation: On the 5th of September, 1917, the title to the premises in question was in one Ella M. Forker. On that day she executed to Frank Garrabrant a written lease for the premises for a term of twenty-eight months, to commence on

the 1st day of October, 1917, and to end on the 1st day of February, 1920, at an agreed upon rent payable monthly in advance. Two of the provisions in this lease are material in determining the rights of the parties. The first is that the lessee would not, without the lessor's consent in writing, "assign this agreement, or underlet the premises, or any part thereof, * * * under penalty of forfeiture and damages." The second is that the lessor grants unto the lessee "the privilege of renewing this lease for a further period of two years at a rental of $840 for the first year and $900 for the following year." On the 9th day of May, 1918, Garrabrant, by an instrument in writing, sublet the premises to the defendant, Jacob Cohen, for the unexpired portion of the twenty-eight months' term, and, by this instrument, extended to the sublessee the same privilege granted to him (Garrabrant) by the original lessor "of renewing said term for a further period of two years at the rent of $840 for the first year and $900 for the following year." Before making this sublease Garrabrant applied to Mrs. Forker for permission to do so, and in response to his request for such permission she wrote him the following letter: "I do hereby agree to grant you the privilege of subleasing the store at 500 Orange street, Newark, N. J., to Mr. Jacob Cohen, for the balance of your term; provided, however, that you assume full, moral and financial responsibility for the faithful performance of the conditions and covenants in your lease. Your letter of acceptance will make this proviso binding." Mr. Garrabrant's letter of acceptance followed in due course of mail. About a year after the subletting to Cohen, and his entry into possession of the premises, and on the 19th of May, 1919, Mrs. Forker sold and conveyed the premises to the present plaintiff, "subject to the existing tenancies." On the 26th of January, 1920, Garrabrant notified the plaintiff that he exercised his right of renewal of the lease for a further period of two years, from the 1st day of February, 1920; and at the same time Cohen notified the plaintiff that he also exercised his right of renewal for the same period.

On the above-recited facts the plaintiff claims that the right of possession of Cohen came to an end on the 1st day of February, 1920; that his continuing in the occupation of the premises after that date constituted him a trespasser and that the plaintiff was entitled to eject him. The contention of the defendant is that the subletting of the premises by Garrabrant to him covered not only the twenty-eight months' period specified in the lease from Forker to Garrabrant, but also the two years additional time provided in the option, in case the option should be exercised prior to the date last mentioned; and that the written consent of Mrs. Forker granting to Garrabrant the privilege of subletting "for the balance of *your* term" was, in effect, a consent to the subletting for the extended term.

We think the construction put upon Mrs. Forker's consent by the defendant is the sound one. The expression "your term" indicates that Garrabrant was to be permitted to sublet for the whole of his term, whatever its duration might be. This, at the time of the subletting, was uncertain, depending upon whether or not he should exercise his option during the original twenty-eight months' period. If he did not exercise it, then the term came to an end on the 1st day of February, 1920. But if he did exercise it, then the term was automatically extended for a further period of two years. The act, therefore, of Garrabrant, in exercising his option on the 26th of January, 1920, continued the term until February 1st, 1922, and the defendant, Cohen, was entitled, under his sublease, to remain until the end of that period, even if it be true, as argued by counsel for the plaintiff, that Cohen, himself, could not, by his own act, extend the term.

But even if we had reached the conclusion that by the true construction of Mrs. Forker's consent, the right of Garrabrant to sublet only covered the period expiring on the 1st day of February, 1920, we should consider that the plaintiff was not entitled to recover in the present action. The attempted transfer of the renewal privilege contained in the sublease to Cohen was not an assignment of the original lease made by Mrs. Forker to Garrabrant, and, therefore, did not

work a forfeiture of the lease; and, so, Garrabrant, having exercised his option before the termination of the original lease, had the right to resume the occupation of the leased premises at the expiration of Cohen's term and remain in possession thereof during the extended period. In order to entitle the plaintiff to a judgment in the present case the burden was upon it to show that at the time when the suit was begun it was presently entitled to possession of the leased premises, and this it failed to do. The rule is elementary that where the proofs show title out of the plaintiff, or the present right of possession in a third person, the defendant is entitled to judgment in an action of ejectment. *Jennings v. Burnham,* 56 *N. J. L.* 289.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.    16.

*For reversal*—None.